

2016 JUL 25 AM 9: 36

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| 2200 RESIDENTIAL ASSOCIATION, | ) | No. 72651-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSEPH GRACE and JANE DOE | ) | |
| GRACE, husband and wife, | ) | |
| | ) | |
| Appellants. | ) | FILED: July 25, 2016 |

SCHINDLER, J. — Joseph Grace appeals the order granting summary judgment dismissal with prejudice of all the claims asserted in the 2011 lawsuit and 2013 lawsuit that was filed against him by 2200 Residential Association (the Residential Association) for unpaid condominium assessments. We affirm.

Grace owns a residential unit in a large mixed-use condominium complex in Seattle. As the owner of a residential unit in the condominium, Grace is a member of the Residential Association. The Residential Association owners are obligated to pay a percentage of the condominium common area expenses. The Residential Association filed a lawsuit against Grace in 2011 and 2013 seeking collection of unpaid condominium assessments.

Grace asserted counterclaims and defenses in both lawsuits. Grace claimed the Residential Association did not have the legal authority to require him to pay the assessments. Grace alleged the condominium developer and real estate agents who were not parties in the lawsuit made "[m]ajor misrepresentations and errors of omission" and as a result, "[t]he initial sale of [residential] units was (and still is) a fraud." Based on the premise that the sale of residential units was fraudulent, Grace asserted the Residential Association "is legally, procedurally, and effectively devoid of legitimate governing documents." Grace also asserted a number of other claims including the Residential Association failed to hold board meetings, failed to properly notify him of meetings and owner obligations, rigged board elections, and "bull[ied] [Grace] into political obscurity."

The Residential Association obtained three judgments against Grace for the unpaid assessments and attorney fees and costs. On December 1, 2014, the trial court entered an order consolidating the 2011 and 2013 lawsuits.

The Residential Association filed a motion for summary judgment seeking to dismiss the counterclaims and defenses Grace asserted in the 2011 and 2013 lawsuits. The Residential Association submitted declarations and documents showing it had the authority to impose and collect assessments, properly conducted regular board meetings, and provided notice to Grace. The trial court granted the Residential Association's motion for summary judgment dismissal with prejudice of all claims asserted by Grace in the 2011 and 2013 lawsuits. The trial court entered a judgment against Grace awarding the Residential Association the past-due condominium assessments Grace owed and reasonable attorney fees. Grace appeals.

2

We review summary judgment de novo, engaging in the same inquiry as the trial court. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003). Summary judgment is proper if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); Michak, 148 Wn.2d at 794-95. The moving party may meet the initial burden of proof by showing that there is an absence of evidence to support the nonmoving party's case. Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co., 176 Wn. App. 168, 179, 313 P.3d 408 (2013). The burden then shifts to the nonmoving party. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the nonmoving party then fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial, the trial court should grant the motion. Young, 112 Wn.2d at 225.

Grace argues the court erred in granting summary judgment because he raised genuine issues of material fact as to whether the Residential Association had the authority to seek payment of the condominium assessments. The record does not support his argument.

The undisputed record shows the Residential Association had the authority to impose assessments. The "Condominium Declaration" grants authority to the condominium board of directors (Board) to determine the common and specially allocated expenses paid by the Residential Association and its members through monthly assessments. The Residential Association submitted declarations and exhibits showing the Board approved and the owners ratified assessments every year since

2007. The evidence includes minutes from Board meetings and notice of budget summaries sent to owners. The Residential Association also provided transaction reports demonstrating Grace did not pay assessments since 2007. And Grace concedes the owner of a condominium residential unit may not withhold payment of condominium assessments as a form of protest. See Panther Lake Ass'n v. Juergensen, 76 Wn. App. 586, 887 P.2d 465 (1995).

Grace did not rebut the evidence presented by the Residential Association. Grace claimed the Residential Association lacked legal authority because of fraudulent sales of residential units by the condominium developer. But Grace presented no evidence to support this claim. Grace also argued there were significant procedural irregularities including the failure to hold meetings, maintain meeting minutes, and conduct a proper budget process. But the Residential Association presented evidence directly contradicting these allegations, and Grace did not submit any evidence supporting his argument.

Grace also alleged he never received notice of the 2011 "Annual Residential Association Meeting." The record shows Grace designated his attorney's office as his address of record for notice from the Residential Association. Grace asserted his attorney never received notice. But Grace did not present any evidence to support his assertion. Further, the record shows Grace attended and participated at the 2011 Annual Residential Association Meeting.

Absent admissible evidence setting forth specific facts showing there is a genuine issue for trial, Grace's unsupported allegations are insufficient to survive summary judgment. Young, 112 Wn.2d at 225.

4

The Residential Association requests an award of attorney fees and costs on appeal. The Condominium Declaration provides that the Residential Association is entitled to recover costs and reasonable attorney fees on appeal. Upon compliance with RAP 18.1, the Residential Association is entitled to reasonable attorney fees and costs on appeal.

We affirm summary judgment dismissal with prejudice of the counterclaims and defenses Grace asserted in the 2011 and 2013 consolidated lawsuits filed by the Residential Association.

WE CONCUR: